**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

WILLIAM M. BRYSON, JR.,
*Plaintiff-Appellant,*

v.

NFN BROCK, Captain of the
Anderson City Jail,
*Defendant-Appellee.*

No. 02-6915

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CA-01-3794-6-20-AK)

Submitted: August 12, 2002

Decided: September 3, 2002

Before WIDENER, LUTTIG, and GREGORY, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

**COUNSEL**

William M. Bryson, Jr., Appellant Pro Se. Andrew Frederick Linde-
mann, Michael Brian Wren, DAVIDSON, MORRISON & LINDE-
MANN, P.A., Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

William M. Bryson, Jr., appeals from the district court's order granting summary judgment in favor of Defendant in his 42 U.S.C. § 1983 (2000) action. After the magistrate judge issued a report and recommended granting Defendant's motion for summary judgment, the district court adopted that recommendation, noting that Bryson failed to file objections to the report. The district court did not conduct a de novo review.

A litigant who fails to file timely objections to a magistrate judge's report and recommendation is not entitled to de novo review of the magistrate judge's determinations, 28 U.S.C. § 636(b)(1) (2000), and is barred from contesting these determinations on appeal. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985). However, this court has held that, when a litigant is proceeding pro se, he must be given fair notice of the consequences of failing to object before a procedural default will result. *Id.* at 846.

Because Bryson did not receive notice of the consequences of a failure to object to the magistrate judge's report, he did not waive appellate review of the district court's order adopting the recommendation. Accordingly, we vacate the district court order and remand this case to the district court with instructions to mail a copy of the report and recommendation with the appropriate notice to Bryson and to permit him to file timely objections if he so chooses. Further, we deny Defendant's motion to dismiss the appeal. *See United States v. Schronce*, 727 F.2d 91, 93-94 (4th Cir. 1984) (providing that waiver of review for failure to file objections is prudential rule, not jurisdictional requirement).

Additionally, although the district court docket sheet reflects that a proposed summons and service materials were submitted with Bryson's motion to amend his complaint, the record does not contain a copy of these documents. In any event, it appears from the record that, although the motion to amend was granted, newly-added-Defendant Darnell McCall was never served with a copy of the amended complaint. Nor were the issues presented in the amended

complaint addressed in the magistrate judge's recommendation or in the district court's order adopting that recommendation. On remand, the district court should direct that McCall be served with process and should address Bryson's claims as to McCall.

In conclusion, Brock's motion to dismiss is denied, the district court's order is vacated, and this case remanded to the district court for further proceedings in accordance with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*